UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TERRANCE D. THEUS | CIVIL ACTION NO. 17-1332 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| CHAD LEE, ET AL. | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Plaintiff Terrance D. Theus, an inmate at Franklin Parish Detention Center proceeding pro se and in forma pauperis, filed the instant Complaint on October 17, 2017, under 42 U.S.C. § 1983. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

On February 15, 2018, the undersigned ordered Plaintiff to, within thirty days, amend and provide specific information to cure several deficiencies in his claims. The undersigned cautioned that Plaintiff's suit might be dismissed if he failed to comply with the order to amend. On February 27, 2018, the United States Postal Service returned the Court's February 15, 2018, Order to the Court, noting "Return to Sender," "Refused," and "Unable to Forward." Plaintiff has not apprised the Court of a change of address.

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* Further, under Local Rule 41.3, "The failure of an attorney or pro se litigant to promptly

notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

Here, Plaintiff failed to comply with the Court's order to amend by the March 17, 2018, deadline, and he failed to apprise the Court of a change of address.

Accordingly, **IT IS RECOMMENDED** that Plaintiff Terrance D. Theus's Complaint be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 16th day of April, 2018.

　　　　　　　　　　　　　　　　　　　　KAREN L. HAYES
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE